UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHARLES T. CLAGETT, III, AKA Charles Thomas Clagett, III,

Plaintiff-Appellant,

v.

J. WOODRING, Terminal Island FCI; et al.,

Defendants-Appellees.

No. 14-55051

D.C. No.
2:08-cv-06251-JFW-MAN
Central District of California,
Los Angeles

ORDER

Before: BERZON, CHRISTEN, and NGUYEN, Circuit Judges.

The memorandum disposition filed December 28, 2016, is amended by the memorandum disposition filed concurrently with this order. With this amendment, Appellees' petition for panel rehearing is DENIED.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 4 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHARLES T. CLAGETT, III, AKA
Charles Thomas Clagett, III,

             Plaintiff-Appellant,

  v.

J. WOODRING, Terminal Island FCI; et
al.,

             Defendants-Appellees.

No.   14-55051

D.C. No.
2:08-cv-06251-JFW-MAN

AMENDED
MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted November 8, 2016
Pasadena, California

Before: BERZON, CHRISTEN, and NGUYEN, Circuit Judges.

Charles T. Clagett III appeals the district court's grant of summary judgment to

several prison employees, who he claims violated his constitutional rights and were

therefore liable under *Bivens v. Six Unknown Named Agents of Federal Bureau of*

*Narcotics*, 403 U.S. 388 (1971). We have jurisdiction under 28 U.S.C. § 1291.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Reviewing de novo, *Metro. Life Ins. Co. v. Parker*, 436 F.3d 1109, 1113 (9th Cir. 2006), we affirm in part and reverse in part.

1. We reverse the district court's grant of summary judgment to Joseph Woodring, a former warden, and Robert Young, a former associate warden, on Clagett's First Amendment claim for retaliation. In the prison context, Clagett must establish the following elements regarding this claim: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). The district court found that Clagett raised a genuine dispute regarding the first four elements but that he failed to show the lack of a legitimate penological goal for his reassignment. We disagree.

Defendants claim that Clagett was reassigned from the education department to food service due to the suspicions of prison staff that he was improperly performing legal work in the prison law library. While this would be a legitimate penological interest if found to be true, *see Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995), Clagett's evidence raises a genuine dispute as to whether there was any

legitimate correctional interest motivating Defendants' decision. *See Shepard v. Quillen*, 840 F.3d 686, 692 n.7 (9th Cir. 2016) (noting that even were a legitimate correctional interest relevant, the plaintiff had raised a triable issue of fact on whether the defendant's actions had been improperly motivated by retaliation rather than that legitimate penological purpose). Clagett's transfer occurred shortly after his administrative complaint was denied and shortly after he filed his complaint in this action. Clagett also declares that Woodring threatened him for filing grievances on the morning of the day he was transferred; that the head of the education department told him his performance was excellent and that the transfer decision had been made by higher-level staff; and that medical staff told him that they were pressured to clear him for the new position in food service.

On appeal, Defendants point to several declarations that hint at misconduct by Clagett, but these declarations were too vague to support a grant of summary judgment in favor of Defendants. For example, Young said that he learned of Clagett's misconduct through Woodring—who in turn had learned of it from education department staff—but Woodring had no recollection of Clagett's transfer. No declarant from the education department claims to have ever told Woodring about Clagett's misconduct. No staff member claims to know who

3

actually initiated Clagett's transfer. Lastly, no staff member suggests why, after a stint in food service, Clagett was transferred back to the education department even though he had supposedly engaged in misconduct in his previous stint there. Defendants' evidence does not dispel a genuine dispute about whether there was an absence of a legitimate penological goal for Clagett's reassignment.

2. We affirm the district court's grant of summary judgment to Dr. Evelyn Castro on Clagett's Eighth Amendment claim. To prove an Eighth Amendment violation for inadequate health care, Clagett must show that Dr. Castro was deliberately indifferent to his serious medical needs, *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976), when she cleared him for food service work. While Clagett was previously ineligible for food service due to his hepatitis diagnoses, that ineligibility was no longer the case due to a policy change. Further, other inmates with serious physical limitations worked in food service, including those with walkers and in wheelchairs. Clagett alleges that he suffered distress from the specific assignment he received, which forced him to stand and bend. Dr. Castro, however, had no authority over specific assignments within food service. Her action was limited to medically clearing Clagett for assignment to food service and

4

therefore did not constitute deliberate indifference.[1]

**AFFIRMED IN PART AND REVERSED IN PART.**

---

[1] We note that Clagett's replacement brief did not challenge the district court's grant of summary judgment on all claims against Pratap Misra, as well as several of Clagett's other claims: a First Amendment claim against Castro; an Eighth Amendment claim against Woodring and Young; and Fifth Amendment claims related to the inadequate provision of bedding materials. We therefore need not address them here.